TAMARA W. ASHFORD
Acting Assistant Attorney General

BORIS KUKSO
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-353-1857 (v)
202-307-0054 (f)
Boris.Kukso@usdoj.gov

Of Counsel:
BENJAMIN B. WAGNER
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 2:13-CV-01567-WBS-KJN |
| Plaintiff, ) | |
| ) | **STIPULATION AND** ~~**PROPOSED**~~ |
| v. ) | **ORDER REGARDING RELATIVE** |
| ) | **PRIORITY BETWEEN PLAINTIFF** |
| RICHARD A. STIKES; , et al., ) | **THE UNITED STATES OF AMERICA** |
| ) | **AND DEFENDANT CALIFORNIA** |
| Defendants. ) | **DEPARTMENT OF VETERANS** |
| ) | **AFFAIRS** |

Plaintiff, the United States of America and Defendant California Department of Veterans Affairs ("CalVet") through their respective counsel, hereby stipulate and agree as follows:

1. This is a civil action brought by the United States of America to reduce to judgment federal tax assessments against Defendants RICHARD and THERESA STIKES and to foreclose federal tax liens against certain real property located at 10404 Sky Circle, Grass Valley, CA ("the Real Property"), Parcel No. 23-200-08-000 and is more particularly described as follows:

1

>LOT 8 OF SKY PINES SUBDIVISION, AS SHOWN ON THE OFFICIAL MAP THEREOF, FILED IN THE OFFICE OF THE NEVADA COUNTY RECORDER ON APRIL 15, 1966, IN BOOK 2 OF MAPS, AT PAGE 68.
>
>EXCEPTING THEREFROM ALL THE MINERALS AND ORE 100 FEET BELOW THE SURFACE WITH THE RIGHT TO EXTRACT AND MINE THE SAME WITHOUT DISTURBING THE SURFACE AS SET FORTH IN THE INSTRUMENT DATED MAY 23, 1963, RECORDED MAY 27, 1963 IN BOOK 336, PAGE 290, OFFICIAL RECORDS, EXECUTED BY RAYMOND T. DEVORE, ET AL TO ILENE ALLEN.
>
>TOGETHER WITH EASEMENTS FOR INGRESS AND EGRESS PURPOSES, AS SHOWN ON THE OFFICIAL MAP OF SKY PINES SUBDIVISION, FILED IN THE OFFICE OF THE NEVADA COUNTY RECORDER ON APRIL 15, 1966, IN BOOK 2 OF MAPS, AT PAGE 68.

2. Cal Vet was named as a defendant because it may claim an interest in, and does hold fee simple title to, the Real Property.

3. A duly authorized delegate of the Secretary of Treasury made timely assessments against Richard Stikes (dba Gold Country Termite Control) for unpaid federal taxes, penalties, and interest as listed in Paragraph 16 of the First Amended Complaint in this case, which is incorporated herein by reference.

4. A duly authorized delegate of the Secretary of Treasury made timely assessments against Richard and Theresa Stikes for unpaid federal income taxes, penalties as listed in Paragraph 25 of the First Amended Complaint in this case, which is incorporated herein by reference.

5. Pursuant to 26 U.S.C. §§ 6321 and 6322, statutory liens for unpaid federal taxes arose in favor of the United States on the dates of the assessments set forth in Paragraphs 16 and 25 of the First Amended Complaint in this case and attached to all property and rights to property belonging to Richard and Theresa Stikes, including Richard and Theresa Stikes' interest in the Real Property.

6. Pursuant to 26 U.S.C. §§ 6321, 6322, and 6323, Notices of Federal Tax Lien were filed against Richard Stikes as listed in Paragraph 31 of the First Amended Complaint in this case, which is incorporated herein by reference.

7. Pursuant to 26 U.S.C. §§ 6321, 6322, and 6323, Notices of Federal Tax Lien were filed against Richard and Theresa Stikes as listed in Paragraph 32 of the First Amended Complaint in this case, which is incorporated herein by reference.

8. CalVet's interest of fee simple title to the Real Property is senior to and has priority over the United States' federal tax liens.

9. CalVet hereby consents to the issuance and enforcement of a decree of sale against the Real Property, which entitles the United states to enforce its tax liens against the real property pursuant to 28 U.S.C. § 7403(c).

10. In the event that the Court permits the sale of the Real Property, it will be sold free and clear of all liens of record and free of any interest CalVet has in the Real Property, with the liens and CalVet's interest to attach to the proceeds of the sale in the same amount and with the same priority that they had against the Real Property.  The proposed Order of Judicial Sale shall provide that the sale proceeds shall be distributed in accordance with priority as agreed in paragraph eight (8) above. If the affected parties cannot stipulate to the amount of CalVet's interest, the Court may hold an evidentiary hearing to determine the amounts.

11. The United States and CalVet are to bear their respective costs related to this litigation, including any possible attorney's fees.

12. CalVet was named as a defendant pursuant to the requirements of 26 U.S.C. § 7403(b). The United States claims no monetary relief against CalVet in this action.

13. Unless otherwise ordered by the Court, CalVet is excused from further participation in this action, appearing in Court, or otherwise asserting its claim in this case.

14. CalVet will be bound by the judgment in this case, which shall incorporate the terms of this stipulation.

The parties so agree and request an order confirming the foregoing.

Dated: August 1, 2014.

TAMARA W. ASHFORD
Acting Assistant Attorney General

/s/ Boris Kukso
BORIS KUKSO
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-353-1857 (v)
202-307-0054 (f)
Boris.Kukso@usdoj.gov

Dated: August 6, 2014.

TODD D. IRBY (SBN 153485)
Deputy Secretary and Chief Counsel
California Department of Veterans Affairs

/s/ Vasilios S. Spyridakis
VASILIOS S. SPYRIDAKIS (SBN 251 067)
1227 "O" Street, Room 306
Sacramento, California 95814
Telephone: (916) 653-2539
Facsimile: (916) 653-2454
Attorneys for Defendant,
CALIFORNIA DEPARTMENT OF
VETERANS AFFAIRS

IT IS SO ORDERED.

Dated:  August 12, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4