UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:13-cv-1567 WBS KJN |
|---|---|
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RICHARD A. STIKES, et al., | |
| Defendants. | |

Presently pending before the court is plaintiff United States of America's motion for entry of default judgment against defendants California Franchise Tax Board ("FTB"); HSBC Finance Corp dba "HFC, Member HSBC Group" and "Beneficial, Member HSBC Group" ("HSBC"); SureWest Communications fka Roseville Telephone Company ("Roseville"); and WAHR Financial Group LLC (collectively, the "Defaulted Defendants"). (ECF No. 28.)[1] For the reasons discussed below, the court recommends that the motion be granted, and that a default judgment be entered upon the terms proposed by the United States.

BACKGROUND

This is a civil action brought by the United States to reduce to judgment federal tax assessments against Defendants Richard and Theresa Stikes and to foreclose federal tax liens

---

[1] The motion was submitted without oral argument on the record and briefing pursuant to Local Rule 230(c) and (g).

1

1 against certain real property located at 10404 Sky Circle, Grass Valley, CA ("the Real Property").
2 The Defaulted Defendants were named as defendants pursuant to 28 U.S.C. § 7403(b), because
3 they may potentially claim an interest in the Real Property.

After the Defaulted Defendants were served with process, but failed to appear, the Clerk of Court entered their default.  (ECF Nos. 10, 12, 13, 14, 25.)[2]  Apart from Richard and Theresa Stikes, all other defendants have either filed disclaimers of interest in the Real Property or proceeds from the Real Property (ECF Nos. 9, 18), or have entered into a court-approved stipulation with the United States regarding the relative priority of their interest in the Real Property.  (ECF No. 27.)  Furthermore, on November 7, 2014, pursuant to a stipulation, the district judge entered judgment against Richard and Theresa Stikes, and for the United States, on the first and second claims for relief to reduce to judgment federal tax assessments against those defendants.  (ECF No. 31.)  Thus, the only remaining claim is the third claim for relief to foreclose federal tax liens against the Real Property (see ECF No. 5), which cannot move forward until the instant motion for default judgment has been resolved.

None of the Defaulted Defendants have moved to set aside the Clerk's entry of default against them.  Additionally, the motion for default judgment was served on the Defaulted Defendants, along with a reminder that any opposition to the motion was to be filed not less than fourteen (14) days preceding the hearing date pursuant to Local Rule 230(c) (see ECF No. 28), but none of the Defaulted Defendants has opposed the motion.

DISCUSSION

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action.  See Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment."  PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25

---

[2] According to counsel for the United States, he has been in touch with counsel for the California Franchise Tax Board, who represented that the California Franchise Tax Board would not be participating in the suit and that its default could be taken.  (ECF No. 28-2.)

(9th Cir. 1986)).  Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are ordinarily disfavored.  Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages.  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim.").  A party's default conclusively establishes that party's liability, but it does not establish the amount of damages.  Geddes, 559 F.2d at 560.

In this case, evaluation of the Eitel factors militates in favor of granting the motion for default judgment.  As to the first Eitel factor, the United States would suffer prejudice if the Court does not enter default judgment, because foreclosure of the United States' tax liens on the Real Property is necessary to begin to collect defendants Richard and Theresa Stikes' tax liabilities, but the Real Property cannot be sold until the Defaulted Defendants' potential interests in the Real

1 Property are adjudicated.

2 Regarding the second and third Eitel factors, the United States has alleged that the Defaulted Defendants may have an interest in the Real Property pursuant to 26 U.S.C. § 7403; has outlined the United States' tax liens against the Real Property; has alleged that foreclosure of those liens is appropriate; has noted that none of the Defaulted Defendants have appeared in this action to claim an interest in the Real Property, or in any proceeds from the sale of the Real Property, despite having been duly notified of the action; and now requests the court to determine the merits of all claims to and liens upon the Real Property pursuant to 26 U.S.C. § 7403(c).  In light of the above, the court finds the complaint to be sufficient and also finds that the United States' substantive claim has merit.

The fourth Eitel factor weighs in favor of granting a default judgment, because the United States is not seeking damages or any other monetary relief against the Defaulted Defendants – it merely seeks to enforce its tax liens against the Real Property that is possibly encumbered by the Defaulted Defendants' potential interests in the property.  Likewise, the fifth Eitel factor supports a default judgment, because there is no likelihood that any genuine dispute of material fact exists given that all well-pleaded allegations of the first amended complaint are deemed true upon the entry of default.  Additionally, regarding the sixth Eitel factor, the possibility of excusable neglect is remote, because the Defaulted Defendants were properly served with process, as well as the instant motion for default judgment, but nonetheless failed to respond.

Finally, although the court is cognizant of the policy in favor of decisions on the merits—and consistent with existing policy would prefer that the claims against the Defaulted Defendants be resolved on the merits—that policy does not, by itself, preclude the entry of default judgment. See PepsiCo, Inc., 238 F. Supp. 2d at 1177.  Indeed, in this case, the Defaulted Defendants' own failure to respond to this litigation has made a decision on the merits impracticable, if not impossible.

Therefore, upon consideration of all the Eitel factors, the court concludes that the United States is entitled to the entry of default judgment against the Defaulted Defendants, and recommends that such a default judgment be entered upon the terms outlined below.

CONCLUSION

For the reasons outlined above, IT IS HEREBY RECOMMENDED that:

1. The United States' motion for entry of default judgment against defendants California Franchise Tax Board; HSBC Finance Corp dba "HFC, Member HSBC Group" and "Beneficial, Member HSBC Group"; SureWest Communications fka Roseville Telephone Company; and WAHR Financial Group LLC (collectively, the "Defaulted Defendants") (ECF No. 28) be GRANTED.

2. A default judgment be entered in favor of the United States and against the Defaulted Defendants, terminating any claim that the Defaulted Defendants might have in the Real Property upon foreclosure of the United States' tax liens, and ordering that the Defaulted Defendants are not entitled to any portion of the proceeds of a sale of the Real Property.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated: November 12, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE