IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,      )
                             )     Case No. 2:13-CV-01567-WBS-KJN

        Plaintiff,        )
                             )

        v.                )
                             )

RICHARD A. STIKES, et al.,       )
                             )

        Defendants.      )
_____)

**ORDER APPOINTING RECEIVER**

The Plaintiff, the United States of America, Defendant California Department of

Veterans Affairs ("CalVet"), and Defendants Richard and Theresa Stikes having requested an

order appointing Joel E. Wright as Receiver to take possession of and to arrange for the sale of

certain real property located at 10404 Sky Circle, Grass Valley, CA, Parcel No. 23-200-08-000

1

12722154.1

("the Real Property") and more particularly described in paragraph 13 of the First Amended

Complaint filed in this action, and good cause having been found,

IT IS HEREBY ORDERED THAT:

1. The Stipulated Motion to Appoint a Receiver to Sell the Real Property is GRANTED;

2. Joel E. Wright is appointed as a Receiver for the Real Property for the purposes of assisting in the enforcement of the federal tax liens against the Real Property, pursuant to 26 U.S.C. §§ 7402(a), 7403(d);

3. The Receiver is directed to take possession of the Real Property, including all buildings, improvements, fixtures, appurtenances, materials, and equipment thereon, upon the vacation of the property by the current residents, to preserve and protect the value of that property, to put it into saleable condition, and to arrange for the sale of that property, free and clear of any rights, titles, claims, or interests of any of the parties to this action;

4. The Receiver shall have the authority to arrange for the sale of the Real Property, subject to confirmation by this Court, in any manner approved by the United States. The terms of any purchase agreement shall include the balance of the purchase price paid in cash at closing, and may include an earnest money deposit, in an amount to be approved by the United States, forfeitable upon the purchaser's failure to perform;

5. The closing shall not occur until after the sale has been confirmed by further order of this Court. At closing, the purchaser(s) shall receive a deed without any warranties to the Real Property executed by the Receiver;

6. The Receiver shall have all of the rights and powers necessary to fulfill its obligations under this order, specifically including, but not necessarily limited to, the power to

12722154.1

1  enter onto the Real Property, to manage the property, to collect rents on the real

2  property, to advertise the sale of the real property, and to take any action reasonably

3  necessary to protect and preserve the value of the real property prior to sale, and to

4  put it into saleable condition, including making expenditures of funds that are first

5  approved by the United States in writing for reasonable and necessary maintenance

6  and improvements;

7  7.  The provisions of Local Rule 232(i) (Undertaking of Receiver) shall not apply to this

8  receivership;

9  8.  The Receiver shall be compensated from the proceeds of the sale of the Real Property

10  in the amount equal to six (6) percent of the gross sale proceeds, and for his

11  reasonable and necessary expenditures to protect and preserve the value of the Real

12  Property that were first approved by the United States in writing;

13  9.  The defendants, Richard and Theresa Stikes, shall cooperate with the Receiver and

14  are restrained and enjoined from interfering in any way with the Receiver's efforts to

15  comply with his obligations under this order.

16  10. In addition, Richard and Theresa Stikes shall neither do anything that tends to reduce

17  the value or marketability of the Real Property nor cause or permit anyone else to do

18  so. They shall not record any instruments, publish any notice, or take any other action

19  (such as running newspaper advertisements, posting signs, or making internet

20  postings) that may directly or indirectly tend to adversely affect the value of the Real

21  Property or that may tend to deter or discourage potential purchasers, nor shall they

22  cause or permit anyone else to do so.  Violation of this paragraph shall be deemed a

23  contempt of court and may result in a fine, incarceration, or both;

3

12722154.1

11. The Receiver shall report to the United States any actions by Richard and Theresa Stikes, or by anyone on their behalf, that impede his efforts to comply with his obligations under this order. In the event the United States determines that having Richard and Theresa Stikes, or any other residents vacate the Real Property will aid the sale of the Real Property under this receivership, and if they do not voluntarily vacate, the United States may file a motion to vacate.

Dated:  May 20, 2015

_William B. Shubb_

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4

12722154.1